JOHN KELLOGG, *Ex parte*

CALEDONIA
March,
1834.

An appointment by a justice of the peace to serve a process, is a *judicial* act by said justice, and cannot be done by proxy; and therefore, said appointment cannot be left blank, and be filled up by the plaintiff afterwards.

*Habeas corpus*, in this state, extends to persons imprisoned on final civil process.

*Habeas corpus* is not the proper remedy when the judgment is not *void*, but erroneous or irregular.

Judgment by a court of competent jurisdiction is not *void* for error or irregularity in the previous proceedings.

Matter in abatement, if there be notice to the defendant in fact, is waived if not pleaded, and if pleaded and adjudicated upon, becomes *res adjudicata*, and is no ground for subsequent proceedings.

This was a *habeas corpus* to be relieved from imprisonment on an execution in favor of Wm. Buckminster, who, by order of court, was notified and appeared. It appeared that a writ of attachment was sued out from a justice of the peace in favor of said Buckminster against said Kellogg, on which the justice had made and signed a blank deputation, which was afterwards filled up with the name of a person, without consultation with the justice. The writ was served by such person, by the at-

tachment of property, and due notice to Kellogg. On the return day, a subsequent attaching creditor entered appearance for Kellogg, and pleaded abatement for the above cause, which was overruled by the justice, and no further defence being made, judgment was rendered against Kellogg, and execution issued, on which Kellogg is now confined to the limits of the prison.——After argument,

The opinion of the court was delivered by

COLLAMER, J.—The first question presented is, was this deputation, or authority to serve the attachment, legal? This depends on deciding whether the act of the justice, in making this appointment, is judicial or ministerial. If the former, it cannot be performed by delegation or proxy. The statute (p. 127) provides, "That if it shall be made to appear to a jus- "tice that a writ," &c. "may fail of service for want of a prop- "er officer, seasonably to be had, such justice is hereby em- "powered to deputize any suitable person to serve the same "by," &c. Here are two things on which the justice is call- ed to exercise discretion and judgment: first, whether it is shown to him that a proper officer cannot seasonably be had; and secondly, to appoint some *suitable* person. These can on- ly be performed by the justice personally. This question has been, in effect, twice decided by the supreme court, within a few years. The case of *Onion* vs. *Leland*, in Windsor coun- ty, was a plea in abatement to a county court writ, which had been signed blank, and a deputation was inserted in the direc- tion, by the attorney, when filling up the writ, and was served by such deputized person. It was holden by the supreme court, to which the case was carried, that the writ should abate· for that cause. In the county of Orange, on a plea in abate- ment, that a deputation had been improperly made by a jus- tice, for that a proper officer was seasonably to be had, to wit, a certain deputy sheriff who was there present, and offered both to the plaintiff and justice to receive and immediately ex- ecute the process, which he by law was authorized to do. To this there was demurrer, and the cause was carried to the su- preme court, who held that the justice had *judicially* passed on the subject, and it could not be afterwards or elsewhere traver- sed; and so overruled the abatement.

There has been much doubt whether *habeas corpus* ought

ever to be extended to relieve from imprisonment on *final* civil process.  Whatever views might have been entertained on this subject, it is to be recollected that our statute of 1825 extends this writ to persons on the liberties of the prison.  As none can be on these liberties but such as are committed on final civil process, the writ here extends to such cases.

The irregularity of the service was matter for abatement, and as a general rule, matter in abatement not pleaded is waived, and cannot be assigned for error.  In this case it was pleaded in abatement, and adjudged upon by the justice, and is *res adjudicata.* ` His decision on a question within his jurisdiction, is conclusive until appealed from and reversed.  However this may be, the irregularity of the deputation and service could at most only vitiate the process on which it was.  It could not render the execution void.  *Habeas corpus* is not a proceeding to set aside an irregular or an erroneous judgment.  To discharge the prisoner would deprive the creditor of enforcing his judgment, and at the same time leave it in full force, unreversed.  What could then be done?  The execution can only be treated as *void* when the judgment is *void.*  This is never the case when the court has jurisdiction of the subject matter and the parties, especially if the defendant has had *actual* and *timely* notice.  Where judgment and execution are *void,* even the officer issuing the execution is a trespasser.  To hold the judgments of a court void for informality, irregularity or error in the previous proceedings, would expose them to passing judgments even on pleas in abatement at the most imminent personal peril.  This judgment is not *void,* nor has the same been appealed from, or in any way reversed.

Prisoner remanded.

*G. B. Chandler* for Kellogg.
*Davis* for Buckminster.