J. R. Swan, J.
The question presented in this case is, whether, conceding that the sentence is for horse-stealing, and that, by statute, the sentence must be for a period not less than three years, the ■commitment is lawful.
The courts are required by statute, upon conviction, to sentence for a period not less than three years. The sentence in *this case is for one year. Does this render the sentence void, and the commitment of the relator unlawful ?
The question is one simply of jurisdiction.
The court had jurisdiction over the offense and its punishment. It had authority to pronounce sentence; and while in the legitimate exercise of its power, committed a manifest error and mistake in the award of the number of years of the punishment. The sentence was not void, but erroneous.
The writ of error and habeas corpus have each their separate offices.
*74 There are ample remedies provided for the correction of irregularities and errors in proceedings which result in conviction and in sentences, by writ of error. For errors and irregularities in such cases, the summary remedy by habeas corpus can not. be had. Ex parte Kellogg, 6 Vt. 509; Matter of Prime, 1 Barb., S. C. 340. But if the court has sentenced the relator for an offense over which, by law, it had no jurisdiction whatever, so that the proceedings and sentence were manifestly coram non judice, and void, the imprisonment following such void sentence would have been unlawful, and the relator entitled to be discharged on habeas corpus. Cropper v. Commonwealth, 2 Rob. (Va.) 842; Ex parte T. Watkins, 3 Pet. 202.
The statute excepts from those who are entitled to the benefit of this writ, j>ersons convicted of some crime or offense, for which they stand committed, plainly and specially expressed in the warrant of commitment. The exception of persons convicted, applies, particularly, to the application now under consideration. The relator is detained by virtue of the judgment of a court, possessing general jurisdiction in criminal cases. This judgment can not be reexamined on habeas corpus.
Questions of doubtful jurisdiction, are frequently involved in a. record, which are proper subjects of consideration upon a writ of error ; and which should not, therefore, be entertained or decided, upon habeas corpus.
The return of a writ of habeas corpus into this court, in term, rests in the discretion of the judge of this court who allows the-same; and as parties may, in general, have relief by application *to probate and common pleas judges, with less delay and inconvenience, we do not deem it proper, unless under very peculiar circumstances, to put aside the regular business of this court by making applications of this kind returnable in term.
It is said to be the practice in some parts of this state to use the writ of habeas corpus as a short and summary mode of reviewing, as upon a writ of error, and annulling the sentences of courts. If this be so, it is an abuse of the writ of habeas corpus which can. not be too soon corrected.

The prisoner is remanded to the custody of the warden.

Bartley, C. J., and Scott, Brinkerhoee, and Bowen, JJ., concurred.