[No. 20442. In Bank. — October 20, 1888.]

EX PARTE AH MEN, ON HABEAS CORPUS.

CONTEMPT — TITLE OF PROCEEDING. — A contempt, though a specific criminal offense, is presented, as matter of practice, in the cause or proceeding out of which it arose, and not as a separate proceeding with a title of its own.

ID. — CONTEMPT OUT OF VIEW OF COURT — PENDENCY OF CAUSE — AFFIDAVIT. — When a contempt is committed out of the view of the court, it is unnecessary, upon a proceeding therefor, to set forth in the affidavit the pendency of the cause or proceeding, or the provisions of the order or writ which has been violated; and the facts constituting the contempt are sufficiently stated, within the meaning of section 1211 of the Code of Civil Procedure, if the acts done in violation of the order or writ are set forth, though the affidavit be inartificially drawn.

ID. — JUDICIAL NOTICE. — The court takes judicial notice of the proceedings in an action pending before it, upon a proceeding therein for contempt.

ID. — HABEAS CORPUS — JURISDICTION. — The only inquiry admissible upon *habeas corpus*, where the prisoner is held under a judgment of conviction for contempt of court, relates to the jurisdiction of the court over the

person and the subject-matter; and no mere irregularity in the procur-
ing of jurisdiction or in the proceedings for contempt, and no question
of injustice or wrong that may have been done to the petitioner by the
procedure, can be considered.

ID. — JUDGMENT — JURISDICTION — COLLATERAL ATTACK. — The judgment
and orders of the court or judge, made in cases of contempt, are final and
conclusive, and cannot be collaterally attacked if the court had juris-
diction.   After judgment of conviction, if the prisoner was actually
taken before the court and given an opportunity to defend, the manner
in which the accused was brought before the court, or the unlawfulness
of the arrest, or of the service of process, will not render the judgment
void and subject to collateral attack.

ID. — PRESUMPTION OF JURISDICTION — RECITAL OF JURISDICTIONAL FACTS.
— When the record of the superior court is silent as to jurisdictional
facts, jurisdiction will be presumed; but if the judgment itself recites
all the facts necessary to give jurisdiction, the matters thereby adjudi-
cated are conclusive, and no evidence *dehors* the record can be received
to impeach them.

ID. — PLEADING — FICTITIOUS NAMES OF PARTIES — INJUNCTION — PRAC-
TICE. — When the fact that the true names of defendants sued by ficti-
tious names were unknown is alleged in the complaint, followed by a
prayer that when discovered their true names may be alleged by amend-
ment, and an injunction in the action follows the complaint, and is di-
rected to the defendants by fictitious names, but is actually served upon
the defendants, and the affidavit for a warrant of attachment for con-
tempt describes the defendants as the persons who had been thus served,
it is sufficient if the court, upon the hearing of the proceeding for con-
tempt, ascertains the true name of a defendant held for contempt, and
so states it in the judgment.

APPLICATION for a writ of *habeas corpus*.  The facts
are stated in the opinion of the court.

*Cross & Simonds*, for Petitioner.

*E. A. Forbes*, and *A. L. Hart*, for Respondent.

PATERSON, J.—Petitioner claims that he should be
discharged from custody, for the following reasons: 1.
Because the affidavit on which the warrant was issued
was insufficient to give the court jurisdiction to order
the arrest of petitioner; 2. Because the petitioner was
arrested under a general warrant of arrest in Nevada
County by the deputy sheriff of Yuba County; 3. Because
he was arrested in the night-time, and without an in-

dorsement on the warrant of arrest to authorize the arrest at that time; 4. Because the warrant of arrest did not show upon its face facts authorizing the arrest; and 5. Because the petitioner is not named in the warrant of arrest, the only name used in the warrant being a fictitious name, and there being no other designation or description of the person to be arrested.

1. The affidavit on which the warrant of arrest was issued alleges in substance that since the service on the defendants of the injunction which had been issued on the sixteenth day of January, and served on defendants on the thirtieth day of the same month, said defendants, John Doe and others, have been working and operating the mine described in the complaint by the hydraulic process, in willful and gross disobedience of the orders and processes of the court. It describes particularly the manner in which the mine had been operated, and alleges that large quantities of material had been deposited into Deer Creek, tributary to the Yuba River, in violation of the writ of injunction. These allegations, we think, were sufficient. Section 1211 of the Code of Civil Procedure provides that "when the contempt is not committed in the immediate view and presence of the court or judge at chambers, an affidavit shall be presented to the court or judge of the facts constituting the contempt, or a statement of the facts by the referees, arbitrators, or other judicial officer." In this state, although contempt of court is a specific criminal offense, and a judgment of conviction thereof the same as a judgment in a criminal case (*Ex parte Hollis*, 59 Cal. 408), the practice has always been to prosecute a matter of contempt in the cause or proceeding out of which it arose, and not as a separate proceeding, with a title of its own. It is, therefore, unnecessary in the affidavit to set forth the pendency of the cause or proceeding, or the provisions of the order which has been violated. The court takes judicial notice of those matters, and it is

quite clear, we think, that "the facts constituting the contempt," or the facts stated by the referee, within the meaning of section 1211, *supra*, are sufficiently stated if the acts done in violation of the order or writ are set forth. The most that can be said against the affidavit is, that it is inartificially drawn.

In determining on *habeas corpus* whether the court had jurisdiction, we must distinguish between a complaint or affidavit which charges no offense at all, and one which, though inartificially drawn, intimates the existence of the facts necessary to constitute the offense, and indicates a purpose to declare thereon. (*Ex parte Kearny*, 55 Cal. 228.)

2. It would be sufficient to say, in answer to the other grounds assigned as reasons for the discharge of the petitioner, that if the facts are as represented, and could be considered here, they show irregularity in the obtaining of jurisdiction, but do not show such a want of jurisdiction as would authorize his discharge on *habeas corpus*. The petitioner was actually taken before the court below and given an opportunity to defend himself against the charge made in the affidavit. We have already held that that affidavit was sufficient for the issuance of the warrant. The court had jurisdiction of the subject-matter, and however irregular the proceedings taken to obtain jurisdiction of the person, its judgment is final and conclusive. Section 1222 of the Code of Civil Procedure provides that "the judgment and orders of the court or judge, made in cases of contempt, are final and conclusive." The fact that the process has not been served by the proper person, or at the proper place or time, or that the warrant or order upon which a prisoner has been arrested is void, and the arrest unlawful, will not render the judgment void and subject to a collateral attack. (*Ex parte McGill*, 6 Tex. App. 498; *Dorente* v. *Sullivan*, 7 Cal. 279; *Peck* v. *Strauss*, 33 Cal. 685; *Owens* v. *Gotzian*, 4 Dill. 438; *Ex parte Kellogg*, 6 Vt. 511;

Freeman on Judgments, sec. 126.) After final judgment of conviction, the jurisdiction of the court cannot be questioned by an inquiry into the manner in which the accused was brought before it; and this is true, even though the prisoner has been kidnaped and forcibly brought before the court from a foreign jurisdiction. (*People* v. *Rowe*, 4 Park. Cr. 253; *United States* v. *Lawrence*, 13 Blatchf. 306; *Ex parte Scott*, 4 Barn. & C. 446; *State* v. *Smith*, 1 Bail. 283; *State* v. *Brewster*, 7 Vt. 118; *State* v. *Ross*, 41 Iowa, 467.) In the last-named case it was said: "The liability of the parties arresting them [the defendants] without legal warrant for false imprisonment or otherwise, and their violation of the penal statutes of Missouri, may be ever so clear, and yet the prisoners not be entitled to their discharge." (See also *Mahon* v. *Justice*, 127 U. S. 700, where the cases bearing upon this question are thoroughly reviewed by Mr. Justice Field.)

Nearly all of the objections urged against the validity of the judgment, convicting petitioner of a contempt, are answered by the recitals in the judgment itself. If the record were silent as to the jurisdictional facts, jurisdiction would be presumed, but the judgment itself recites all of the facts necessary to the exercise of jurisdiction by the court. It appears upon the face of the judgment that the injunction was duly issued and served, and that the same has ever since remained in full force and effect; that after service upon the defendants the acts alleged in the affidavit were committed by the defendants in violation of the injunction and in contempt of the authority of the court. It recites that the petitioner was "duly and regularly brought into court, pursuant to said warrant of attachment"; that the person sued and served as James Doe in said action, and proceeded against by said name, answered that his true name was Ah Men. The matters *thus adjudicated* are conclusive, and no evidence *dehors* the record can be

received to impeach them. (Freeman on Judgments, 619; *Ex parte Sternes, ante,* p. 156.)

3. The fact that the true names of the defendants in the action were unknown was alleged in the complaint, followed by a prayer that when discovered the complaint might be amended by alleging their true names. The injunction seems to have followed the complaint, and was directed to the defendants under said fictitious names, but it was actually served upon the defendants. No answer was filed by them, nor did they make any appearance in the action. They continued, however, to do the things which they were by the writ of injunction enjoined and restrained from doing. In the affidavit for the warrant of attachment, the defendants were described as persons who had been served with the injunction theretofore issued. At the hearing the court found the true name of petitioner to be Ah Men, and it is so stated in the judgment. This is sufficient.

With the question of injustice or wrong that may have been done to this petitioner by the procedure against him, we have nothing to do. The only inquiry before us is, whether the court had jurisdiction of the person and of the subject-matter. We think that the petitioner should be remanded to the custody of the sheriff of Yuba County, and it is so ordered.

SHARPSTEIN, J., McFARLAND, J., SEARLS, C. J., and THORNTON, J., concurred.