[Crim. No. 4041. Second Dist., Div. Three. July 22, 1946.]

In re HENRY LEE FELTHOVEN, on Habeas Corpus.

466

Bernard Lawler for Petitioner.

Fred N. Howser, District Attorney, and Jere J. Sullivan, Deputy District Attorney, for Respondent.

WOOD, J.—Petition for a writ of habeas corpus. An order to show cause why petitioner should not be adjudged guilty of contempt of court for wilfully failing to comply with a pendente lite order of the superior court made on March 20, 1946, by which he was required to pay certain sums of money for the support of his wife and child, and for attorney's fees and costs, was duly issued and served upon petitioner. The pendente lite order provided that the amount payable to the child should be paid through the court trustee, that the amount payable to the wife should be paid direct to her, and that the attorney's fees and costs should be paid direct to the attorney. The affidavit, upon which the order to show cause was based, stated in part that petitioner had not paid certain amounts which had accrued under the order of March 20, 1946, and that the order had been served on him by the sheriff on April 25, 1946.

At the hearing upon the order to show cause on June 13, 1946, it was established that the pendente lite order of March 20, 1946, was never served upon petitioner and that he was not present when said order was made. A reference to the sheriff's return shows that it was an interlocutory decree of

divorce that was served on him, and not the pendente lite order. The court did not find that petitioner had been served with the order of March 20, 1946, or that he was present when that order was made, or that he had knowledge of that order.

An interlocutory decree of divorce, in favor of petitioner's wife, was made and entered on March 22, 1946. The decree included the following: "(a) Custody of minor child, Ronald Lee Felthoven, to plaintiff (b) One dollar, per month, for support of plaintiff, and Sixty Dollars each month for support of said minor child, payable as follows: $30.50 on the 1st of April 1946, and $30.50 on the 15th of April 1946, and every 1st and 15th of each month thereafter. (c) One Hundred Dollars attorney's fees, and fifteen dollars court costs, payable at the rate of $15.00 on the 1st and 15th of each month beginning April 1st 1946." The amounts there recited were the same amounts as those which petitioner was ordered to pay under the pendente lite order. It was not expressly stated in the decree that petitioner was ordered to pay the amounts recited therein. The decree did not direct, as it was directed in the pendente lite order, that the money for the support of the child should be paid through the court trustee, or that the money for attorney's fees and costs should be paid direct to the attorney. A copy of the interlocutory decree was served on him on April 25, 1946. At the hearing of the order to show cause, the petitioner's motion to dismiss the proceeding on the ground of lack of jurisdiction was denied.

Petitioner, according to the minute order of the court made upon the hearing of the order to show cause, was adjudged guilty of contempt of court in wilfully failing to comply with "the order," and was sentenced to imprisonment in the county jail for five days. The commitment recited that petitioner was guilty of contempt of court in wilfully failing to comply with the order of March 22, 1946, that that order was served upon him on April 25, 1946, that he had knowledge of that order, that he had been ordered to show cause on June 13, 1946, why he should not be punished for contempt of court in wilfully failing to comply with said order of court, that he had the ability to comply with the order, and that therefore he was sentenced to five days in the county jail.

It appears that the reference in the commitment to the order of March 22, 1946, was not made inadvertently. It had been established at the hearing that the order of March 20 had

not been served on petitioner, and he had objected to the jurisdiction of the court. It also had been proved that the order of March 22 had been served on him.

It also appears that the order to show cause was not based inadvertently on the order of March 20. The affidavit in support thereof also recited, as above stated, that petitioner had not paid certain amounts of money which had accrued under the order of March 20.

Petitioner asserts that the court did not have jurisdiction, because the order of March 20, upon which the order to show cause was based, was not served on him, he was not present when the order was made, and he did not have knowledge of it. He also asserts that the court was without jurisdiction to make the commitment, because: (1) No order to show cause was served on him with reference to the order of March 22, 1946, upon which the commitment was based; (2) no affidavit was filed alleging any failure to comply with the order of March 22, 1946; (3) no notice of any kind was given to him that he was to be held to answer for disobedience of the order of March 22, 1946; and (4) the order of March 22, 1946, for the alleged disobedience of which he was committed to jail, does not direct or require him to perform any acts.

The deputy district attorney, appearing in opposition to the petition, asserts that the court had jurisdiction for the reason that the affidavit upon which the order to show cause was based stated that the order of March 20, 1946, was served on petitioner. He argues in effect that the act of the court in proceeding with the hearing, after it was proved that the notice of March 20 had not been served, was only an irregularity which did not affect the jurisdiction of the court. It seems to be his position that if the affidavit, upon which a contempt proceeding is based, states that the order, upon which the proceeding is based, was served, the court acquires jurisdiction to deprive the accused of his liberty, even though the statement as to service is false, if at the hearing it appears from a consideration of all the evidence that contempt of court has been committed as to any similar order of court which has been served.

In order to punish for constructive contempt of court, it must appear that the order upon which the contempt proceeding is based has been served on the accused, or that he was present when the order was made, or that he had knowledge of it. (*Frowley* v. *Superior Court,* 158 Cal. 220, 224 [110

P. 817].) The order of court of March 20, as to the violation of which petitioner was directed to appear and show cause why he should not be adjudged guilty of contempt of court, was not served on him, nor was he present when it was made. It was not shown that he had knowledge of it. He was not found guilty of contempt of court as to that order.

He was committed to jail for wilfully failing to comply with an order of a different date, namely, March 22. The order of March 22 had been served on him, but he had not been notified to appear and show cause why he should not be adjudged guilty of contempt of court as to that order of March 22, and there was no affidavit upon which to base an order to show cause as to the order of March 22. In order to punish for constructive contempt of court, it must appear that the accused had proper notice of the particular charge against him (*Bryant* v. *Superior Court,* 30 Cal.App.2d 509 [86 P.2d 837]), and that there was a sufficient affidavit upon which to base such notice or order to show cause (*Groves* v. *Superior Court,* 62 Cal.App.2d 559, 568 [145 P.2d 355]).

As to the order of March 20, which was the basis for the order to show cause regarding contempt of court, petitioner had not been served with it, nor did he have knowledge of it. As to the order of March 22, which was the basis for committing petitioner to jail, petitioner had not been notified that he was charged with contempt of court as to that order, nor had any affidavit been made regarding that order.

Apparently it is the contention of the deputy district attorney that since the two orders are similar, and only a short interval of time elapsed between the dates when the orders were made, it is immaterial and of no significance that the order to show cause herein and the affidavit in support thereof referred to the order of March 20, which had not been served, and did not refer to the order of March 22, which had been served and which was the basis for committing the petitioner to jail. Although the amounts mentioned in the interlocutory decree of March 22 were the same amounts as those petitioner was ordered to pay under the pendente lite order of March 20, and although only a short interval of time elapsed between the dates of the orders, the orders were different and were made in different types of proceedings, and the petitioner was entitled to consider, by reason of the order to show cause and the affidavit which were served on him, that he was called upon to defend only as to the order of March

20. The similarity of orders of court and the shortness of time between the dates of making them do not justify relaxing the rules which afford the accused due process of law in contempt matters.

 A contempt of court proceeding is not a civil action, but is a separate proceeding of a criminal nature and summary character. (*Hotaling* v. *Superior Court,* 191 Cal. 501, 504 [217 P. 73, 29 A.L.R. 127].) The affidavit in such a proceeding constitutes the complaint. (*Frowley* v. *Superior Court,* 158 Cal. 220, 222 [110 P. 817].) The affidavit, the order to show cause, the evidence and the findings in a contempt of court proceeding are to be strictly construed in favor of the accused, and the presumption in favor of the regularity of the proceedings and the judgment does not apply in contempt matters. (*Groves* v. *Superior Court,* 62 Cal.App.2d 559, 568 [145 P.2d 355].) The petitioner was entitled to be clearly and fairly apprised of the particular accusation against him.

It might be that the petitioner would have defenses, upon the hearing of an order to show cause as to the interlocutory decree of March 22, different from those he would have upon the hearing of an order to show cause as to the pendente lite order of March 20. For example, as to the interlocutory decree, he might have asserted as a defense, at least in mitigation of punishment, that the order in the interlocutory decree allowing attorneys fees was void in that such fees were allowed after the legal services had been rendered. For a further example, if he had been cited to show cause as to the interlocutory decree, he might have asserted as a defense that it was not expressly stated therein that he was ordered to pay the amounts mentioned therein. Furthermore, the circumstances under which the interlocutory decree was rendered might have been such that he could have asserted that the whole decree was void.

 Apparently the order to show cause was obtained as to the pendente lite order because the matter of attorneys fees was properly included therein, and because the attorneys for the wife believed that the pendente lite order had been served. The fact that they had so proceeded and later ascertained at the hearing that the pendente lite order had not been served did not justify the substitution of a contempt proceeding as to the interlocutory decree which had been served. As stated in *Groves* v. *Superior Court, supra,* at page 569: ''We do not

think that any conviction of contempt should be allowed to stand unless it appears from the record beyond question that the trial court found all the facts to exist which constituted the offense.''

██ The court did not have jurisdiction to punish for contempt of court as to the order of March 20, because that order was not served on petitioner and he did not have knowledge of it. ██ The court did not have jurisdiction to commit the petitioner to jail for contempt of court as to the order of March 22, because he had not been ordered to show cause as to it, and because no affidavit in support of such an order to show cause had been made.

The writ of habeas corpus is granted and the petitioner is discharged and his bail is exonerated.

Desmond, P. J., concurred.

SHINN, J.—I dissent. The attack upon the judgment of contempt is not based upon any defect in the proceedings which were essential to confer jurisdiction. Petitioner had been ordered to pay money to his wife, he had actual knowledge of the order, he had the ability to pay and refused to pay, he was cited for wilfully refusing to pay and was found guilty, upon evidence which is not before us, and which must therefore be deemed sufficient. All these facts were recited in the judgment. There was no lack of due process of law. The facts constituting the contempt, namely, the making of the order and the wilful disobedience of it, were presented to the court by affidavit (Code Civ. Proc., § 1211), the citation was issued and served, and petitioner appeared and defended against the charge.

All that is urged in support of the claim of no jurisdiction and no due process is that the affidavit and order to show cause recited the date of the order instead of the date of the decree, but the substance of the order and the decree was the same. A statement of the date of the order or decree alleged to have been disobeyed was wholly unnecessary. If the affidavit and order to show cause had misstated the name of the judge who made the order, or the department in which it was made, such errors would not have deprived the court of jurisdiction. The mistake my associates are making is in allowing themselves to be persuaded that the matter of the date when

the order was made enters into the substance of what petitioner had been ordered to do and had failed to do. Petitioner knew that some two months before he was cited the court had ordered him to pay certain sums of money to his wife, and he knew he was accused of failing to pay the money. He complains of want of due process as if he had been charged with one crime and convicted of another. This is far from being the case. What happened, and all that happened, is that when petitioner was cited for failure to pay money as ordered by the decree, which had been served upon him weeks before, he discovered that an order had been made two days before the decree was rendered, which directed him to pay substantially the same sums of money. If petitioner had been prosecuted for contempt as a misdemeanor, an erroneous recital in the complaint of the date of the order for payment would not have amounted to a material variance, much less have deprived the court of jurisdiction.

Jurisdiction cannot be defeated by the failure to take a step, or the taking of a misstep, with respect to a wholly nonessential detail in the proceedings to confer jurisdiction. Mere irregularities, even as to essential steps, do not render void a contempt judgment where the accused has been brought before the court and has been proven guilty. (*Ex parte Ah Men*, 77 Cal. 198 [19 P. 380, 11 Am.St.Rep. 263] ; *In re Simoniello*, 6 Cal.App.2d 425 [44 P.2d 402] ; *In re Risner*, 67 Cal.App.2d 806 [155 P.2d 667].) Petitioner is not entitled to be released. He should spend the remainder of the allotted five days in jail, and in meditation.