[Civ. No. 24288.   Second Dist., Div. One.   Dec. 23, 1959.]

JACK LESLIE MARKER, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; MARY HELEN MARKER, Real Party in Interest.

Hahn, Ross & Saunders for Petitioner.

No appearance for Respondent.

Morton E. Feiler for Real Party in Interest.

SHEA, J. pro tem.*—The petitioner has been adjudged in contempt and sentenced to fine and imprisonment for failure to pay certain support payments provided for in an interlocutory decree of divorce.

The parties, together with their attorneys, appeared in court on April 25, 1957. When the case was called for trial counsel informed the court that the parties had reached an agreement and, in open court, they stipulated to a disposition of the

*Assigned by Chairman of Judicial Council.

community property and the amount and time for payment of monthly alimony payments. The husband then requested the court to dismiss his cross-complaint, withdrew his answer and consented that the matter be heard as a default matter.

On June 4, 1957, the interlocutory decree was signed by the judge. The decree contains the following recitation: "At the inception of the case, and before the taking of any evidence, counsel for the respective parties announced that the parties had reached an agreement as to division of property, provision for support and allowance for attorneys' fees, whereupon it was orally stipulated in open court, in the presence of, and with the assent and consent and concurrence of, both plaintiff and defendant:..."

On June 18, 1959, the court issued an order to show cause *in re* contempt, directing the petitioner to appear on July 14, 1959, to show cause why he should not be punished for wilfully violating the order made on June 4, 1957. The affidavit of the wife in support of the order to show cause recites that on June 4, 1957, the court made its order for certain alimony payments. Then, in that portion of the affidavit which purports to show that the husband had knowledge of the order, the questions and answers are as follows:

"Q. Was said adverse party in court at the time and place the Order above mentioned was made? A. Yes.

"Q. Was it audibly pronounced in the presence of said party? A. Yes.

"Q. Has said Order been personally served upon said adverse party? When? A. Interlocutory Judgment made April 25, 1957.

"Q. Has said adverse party been heretofore cited for contempt? A. No.

"Q. What other knowledge of the Order has the adverse party received? A. Stipulation by both parties in open Court April 25, 1957; Interlocutory Judgment based on said stipulation granted same day. Interlocutory Judgment entered June 6, 1957."

It is obvious that the affiant is asserting that the petitioner had knowledge of the order because it was based upon the stipulation made in open court on April 25, 1957, when the petitioner was present in court and orally consented to the order.

However, the order he is charged with violating is the order of June 4, 1957. There is nothing in the affidavit to show that the petitioner ever had any notice or knowledge of

the order of June 4, 1957. Without a sufficient allegation of knowledge of the order, the affidavit is fatally defective and the court is without jurisdiction to act in the matter. (*Phillips* v. *Superior Court*, 22 Cal.2d 256 [137 P.2d 838]; *In re Felthoven*, 75 Cal.App.2d 465 [171 P.2d 47].)

In view of our ruling on this point it will not be necessary to decide the other point raised by the petition. The order of contempt and the sentence are annulled.

Wood, P. J., and Lillie, J., concurred.