[Civ. No. 25160.   Second Dist., Div. Two.   Jan. 23, 1961.]

DOROTHY STURM et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Isadore Sturm, in pro per., and Harward A. Stearns for Petitioners.

Harold W. Kennedy, County Counsel, William E. Lamoreaux, Assistant County Counsel, and Robert C. Lynch, Deputy County Counsel, for Respondent.

NOURSE, J. pro tem.*—These petitioners, Dorothy Sturm and Isadore Sturm, having both petitioned this court for relief from a judgment of contempt entered by the respondent court in an action for divorce in which Dorothy was plaintiff and Isadore was defendant, we, by stipulation of the parties, consolidated the two matters and issued a writ of certiorari under which we now have for review both judgments of contempt. We have reached the conclusion that the court was without power to enter either judgment of contempt and that both must be annulled.

On November 10, 1960, there came before the respondent court an order to show cause directed to Isadore, by which he was required to show cause why he should not be held in

*Assigned by Chairman of Judicial Council.

contempt for, among other things, failing to obey an order of the court that he remove certain of his personal property from in front of a residence that had been awarded to Dorothy by a former order of the court, and an order to show cause directed to Dorothy requiring her to show cause why she should not be held in contempt for preventing Isadore from removing said personal property from said premises. The court did not dispose of either of these matters on that date but entered an order reading as follows: "Plaintiff is ordered to remain in the family premises between the hours of 8:00 a. m. to 6:00 p. m. on Monday, November 14, 1960, in order to permit defendant to remove from the home and premises the personal property awarded to defendant by the Interlocutory Judgment of Divorce. Should defendant fail to remove the personal property awarded to him by the Interlocutory Judgment of Divorce during such period, then plaintiff is ordered to have Bekins Van & Storage Company remove same and store it in defendant's name and at defendant's expense."

On November 17, the parties appeared before the court and it at that time, without receiving any evidence but after hearing statements from both parties and counsel for plaintiff, made the following order: "The Court finds that each party had knowledge of *the order of November 10, 1960*; that each had the ability to comply with said order, and that each wilfully failed and refused so to do. Plaintiff is found guilty of contempt of Court and sentenced to serve five days in the County Jail. Defendant is found guilty of contempt of Court and sentenced to serve five days in the County Jail. Sentences are stayed until December 2, 1960, at 1:30 p. m." (Emphasis ours.)

On December 2, the court entered a further order reading as follows: "Both plaintiff and defendant having been found in contempt of Court on November 17, 1960, and the matter of sentence continued to this date, plaintiff and defendant are each sentenced to serve five days in the County Jail; two days of each of said sentences are suspended and the parties are remanded to the custody of the Sheriff of Los Angeles County forthwith to commence serving the remaining three days of each sentence."

After the order of November 10th was entered no order to show cause or other citation was issued by the court directed to either party relative to a contempt by · them in

failing to carry out the terms of that order, nor was any affidavit filed with the court relative to a failure of either party to obey that order.

Before a court may adjudge a person to be in contempt of an order of that court by reason of acts not committed in the immediate presence and view of the court, an affidavit or statement of facts by referees, or arbitrators or other judicial persons must be presented to the court (Code Civ. Proc., § 1211) and the filing of such a document with the court is a jurisdictional prerequisite to the court's power of punishment. (*Batchelder* v. *Moore,* 42 Cal. 412, at 415; *In re McCarty,* 154 Cal. 534 at 539 [98 P. 540] ; *Ex parte Rickert,* 126 Cal. 244 [58 P. 549] ; *In re Felthoven,* 75 Cal.App.2d 465 at 471 [171 P.2d 47].)

While what we have said necessarily requires that both judgments must be annulled, it may be noted that as to Isadore there was nothing in the order of November 10th that required him to do anything.

The orders of November 17 and of December 2, 1960, adjudging petitioners in contempt of the orders of the respondent court of November 10, 1960, and the order of December 2, sentencing them for that contempt are annulled.

Fox, P. J., and Ashburn, J., concurred.