McCOY, J. pro tem.
 
 *
 

 The proceeding before us arises out of an action in the Superior Court for Los Angeles County entitled Green Tree Enterprises, Inc. v. Palm Springs Alpine Estates, Inc., et al., number 816567, for damages for fraud and misrepresentation with respect to a contract for the sale of certain real property to the plaintiff in that action, herein referred to as Green Trees, by the defendant Palm Springs Alpine Estates, Inc., herein referred to as Alpine Estates, subject to the lien of two trust deeds given to secure two notes. The petitioner, Palm Springs Alpine Sales, Inc., herein referred to as Alpine Sales, is also a defendant in the action.
 

 On May 17, 1963, a preliminary injunction was issued including the following provisions:
 

 “II. The defendants Alpine Palm Springs Sales, Inc., Palm Springs Alpine Estates, Inc., Samuel Pierce Sparks and Dorothy Sparks, their agents, servants, employees, attorneys, and all persons having notice hereof and acting in concert with them, or any of them, are hereby, during the pendency of this action, or until further order of the Court, the Court reserving jurisdiction to amend, modify, supplement, or terminate this Preliminary Injunction, from directly or indirectly:
 

 “II.l Selling, or transferring, or assigning, or hypothecating, or otherwise disposing of, or creating a lien upon, those certain Promissory Notes executed by Plaintiff on or about May 28, 1962, in the sum of $775,000, and in the sum of $490,000, respectively; said Promissory Notes being more particularly described in and secured by those certain deeds
 
 *881
 
 of trust recorded on or about the 1st day of June, 1962, in Book 3152, pages 129 and 131 of Official Records in the Office of the County Recorder of Riverside County, State of California ; ...”
 

 Following the trial a judgment was entered May 5, 1964, (1) continuing in force for 90 days the provisions of the preliminary injunction quoted above; (2) substantially reducing the amount due Alpine Estates on one of the notes; (3) awarding punitive damages at $100,000 against Alpine Estates; and (4) awarding costs to Green Trees against Alpine Estates. Alpine Estates appealed from those portions of the judgment reducing the amount due on one of the notes and awarding punitive damages. None of the defendants appealed from that part of the judgment prohibiting defendants from foreclosing the deeds of trust. After the notice of appeal was filed in July 1964 the court made several other orders continuing the injunctive provisions of the judgment in force pending determination of the appeal. Alpine Estates appealed from two of those orders dated August 3 and November 4,1964.
 

 On May 29, 1967, the Supreme Court affirmed those portions of the judgment appealed from and the orders of August 3 and November 4, 1964.
 
 (Green Trees Enterprises, Inc.
 
 v.
 
 Palm Springs Alpine Estates, Inc.,
 
 66 Cal.2d 782 [59 Cal.Rptr. 141, 427 P.2d 805].) In affirming the two orders continuing the injunctive provisions of the judgment the court noted (p. 787) that “Since no appeal was taken from the portion of the judgment prohibiting defendants from foreclosing their trust deeds, the appeal did not stay proceedings in the court below, under section 946 of the Code of Civil Procedure, with respect to that portion of the judgment. ’ ’ The court held that the trial court had jurisdiction to enter those orders in the interest of justice on the showing made in each instance that defendants were “interfering with [plaintiff’s] efforts to sell or refinance the property.” (P. 788.)
 

 In April 1967, while the appeal was still pending the attorneys for Green Trees presented to the court an order to show cause and a document entitled “Affidavit of Gladys Towles Root, and Order Shortening Time.” The purported affidavit concludes with a prayer that Samuel P. Sparks, Dorothy Sparks and O. E. Peck, the substituted trustee under the deeds of trust be required to show cause why they should not be adjudged in contempt of court by reason of the facts
 
 *882
 
 therein alleged, that they “he ordered to comply with the orders of the Court and to retransfer the property” to Green Trees, and that, if Samuel P. Sparks fails to retransfer the property forthwith, the court appoint its clerk to act as agent to sign the same and cause the retransfer of the property.
 
 [1]
 

 Obedient to the prayer of the purported affidavit the court, on April 20, 1967, signed an order to show cause requiring Alpine Estates and Alpine Sales and Samuel P. Sparks as president of both corporations, along with certain other individuals including Dorothy Sparks as an officer and stockholder of both corporations, to show cause why they should not be adjudged in contempt for having willfully disobeyed the order of May 5, 1964, (the judgment) as extended by the subsequent orders. The order to show cause recites that the action of the court will be based upon the facts therein set forth,
 
 [2]
 
 and ends with the statement that “the said proceedings will be based upon the records and files of this case, . . . and the affidavit of Gladys Towles Root, attached hereto and made a part hereof. ’’ Concurrent with the signing of the order to show cause, the court signed a “Citation and Notice of Order to Show Cause” in much the same tenor as the order to show cause itself.
 

 The order to show cause re contempt was heard on April 28, 1967. On May 18 by minute order the court “granted” the order to show cause as to Alpine Estates and Alpine Sales and dismissed the proceedings as to the other citees. At the same time it signed and filed the order here under review purporting to find petitioners guilty of contempt of court and to impose certain penalties. The petition before us was served on the respondent court on May 26, 1967, and filed in the Supreme Court on May 29, and thereafter transferred to this court on June 21. Notwithstanding these facts and the fact
 
 *883
 
 that the decision of the Supreme Court was not yet final, the respondent court made an order on June 2,1967, reading: “It appearing to the Court that the Supreme Court of California, on May 29, 1967, has affirmed the judgment and orders of this Court, and it appearing further that Alpine Palm Springs Sales, Inc., and Palm Springs Alpine Estates, Inc., or its President, Samuel Sparks, have not complied with the order of this Court to sign the necessary documents to carry out the orders of this Court, the Clerk of this Court, pursuant to the order of May 18, 1967, is hereby directed to sign the transfer of title from Samuel Sparks to Green Trees Enterprises, Inc., forthwith.” On June 28 we issued an order staying the enforcement of the order of June 2 until the determination of these proceedings.
 

 The granting of the petition for a writ was initially opposed by Green Trees. Having considered the petition and the opposition thereto we issued a writ of certiorari on July 10 to review the order of May 18. Although on July 31 we extended the time for the filing of the response to the writ by Green Trees to August 16, nothing further was filed on its behalf before the time set for oral argument and no return was filed by the respondent court. We note, however, that what appears to be a complete copy of the record of the respondent court as it relates to the contempt proceedings is attached to the petition,
 
 [3]
 
 and that the completeness of that record has not been challenged by Green Trees or by the respondent court. In these circumstances we find the record before us to be adequate for the purpose of these proceedings. (See
 
 I.X.L. Lime Co.
 
 v.
 
 Superior Court,
 
 143 Cal. 170 [76 P. 973] ; 3 Witkin, Cal. Procedure (1954) Extraordinary Writs, § 56(5), p. 2545, and § 61, p. 2553.)
 

 Petitioners contend that the order adjudging them to be in contempt of court is void for want of jurisdiction. We agree.
 

 “Contempt proceedings being criminal in nature must be conducted in strict compliance with the statutory procedure. Jurisdiction to make the order must affirmatively appear of record; no presumption of regularity in the proceedings applies. ’ ’
 
 (In re Mancini,
 
 215 Cal.App2d 57, 59 [29 Cal.Rptr.
 
 *884
 
 798].) The record before us shows that the court failed to observe this rule.
 

 When, as here, it is claimed that "the contempt is not committed in the immediate view and presence of the court, or a judge at chambers, an affidavit shall be presented to the court or judge of the facts constituting the contempt.” (Code Civ. Proc., § 1211.) This requirement is jurisdictional. (1 Witkin, Cal. Procedure (1954) Jurisdiction, § 141, p. 404.)
 

 No such affidavit appears in the record here. "An affidavit is a written declaration under oath, made without notice to the adverse party.” (Code Civ. Proc., § 2003.) The document referred to above as the "Affidavit of Gladys Towles Root” upon which the entire proceeding is based is not a written declaration under oath, nor is it an unsworn statement or declaration of the alleged facts certified or declared to be true "under penalty of perjury” as permitted by section 2015.5 of the Code of Civil Procedure. The acknowledgment appearing at the end of the document reciting only that Mrs. Root appeared before a notary public “and acknowledged that she executed the same” is not in any sense the equivalent of a jurat or of a verification. In the absence of a sufficient affidavit the entire proceeding is void
 
 ab initio. (Phillips
 
 v.
 
 Superior Court,
 
 22 Cal.2d 256 [137 P.2d 838];
 
 Sturm,
 
 v.
 
 Superior Court,
 
 188 Cal.App.2d 392 [10 Cal.Rptr. 547].)
 

 Since the entire proceeding is void for want of jurisdiction for the reason just stated, there is no need to consider the other points raised by petitioners.
 

 The order of May 18, 1967, purporting to adjudge petitioners guilty of contempt of court, and the order of June 2, 1967, entitled "Order re Transfer of Title,” directing the clerk of the superior court to sign certain documents are annulled.
 

 Kaus, P. J., and Hufstedler, J., concurred.
 

 A petition for a rehearing was denied December 5, 1967, and the petition of the real party in interest for a hearing by the Supreme Court was denied January 11,1968.
 

 *
 

 Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.
 

 [1]
 

 The gist of the charges is that, in violation of the injunction, Samuel Sparks and Dorothy Sparks, as officers of Alpine Estates, had caused Peek to be substituted as trustee under the deeds of trust and, on foreclosure of the deeds of trust, had caused him to convey the properties involved to Palm Springs Alpine Estates, Inc.
 

 [2]
 

 The order further stated that Green Trees is entitled to an order compelling Samuel P. Sparks to retransfer or cause the properties to be retransferred to Green Trees, and that defendants are ‘' entitled to notice that the Court, in their absence, will appoint a receiver for the said property or jointly consent with a receiver to be appointed in the Bankruptcy Court for'the said properties and also consent to an order directing'the Clerk of this Court, in the absence of the defendants and upon their failure to appear, to act as the agent of the Court to re-transfer the properties to Green Trees Enterprises.
 
 ’ ’
 

 [3]
 

 The exhibits attached to the petition include a copy of the judgment, the citation, the order to show cause, the purported affidavit of Gladys Towles Root and the exhibits attached thereto, a transcript of the proceedings of April 28, 1967, and the minute order and order of May 18, 1967.