[Civ. No. 4973. Third Appellate District.—August 17, 1933.]

W. J. MANNIX et al., Petitioners, v. THE SUPERIOR COURT OF SACRAMENTO COUNTY et al., Respondents.

R. H. Schwab and Donald E. Wachhorst for Petitioners.

George E. McCutchen and Clifford A. Russell for Respondents.

PULLEN, P. J.—An action upon contract was commenced in the Justice's Court, alleging the wrongful conversion of an automobile by defendant.

The answer was a general denial and as a further defense the contract, by virtue of which plaintiff had come into possession of the automobile in question, was set forth wherein it was stipulated in effect if the purchaser failed to make any payment therein provided for, the seller could at his option and without notice to the purchaser declare all of purchaser's rights under the contract terminated and immediately retake possession of the automobile. The contract also provided that the purchaser waived all claims for damages due to or connected with such taking. Judgment was rendered for plaintiff (the purchaser) in the justice's court and upon appeal to the superior court upon questions of both law and fact, judgment was again given in favor of plaintiff.

Petitioner now seeks by a writ of *certiorari* to review the judgment of the superior court, claiming the parties had by their contract stipulated that plaintiff had waived all claim to damages by reason of the taking of the automobile, and therefore the court had no jurisdiction of the subject-matter, the parties by their contract having disposed of the question of damages. Petitioner also claims that the court committed error in ruling upon certain questions of law and evidence. As to that point we are not here concerned. ■ The writ of *certiorari* cannot be used as a writ of error for the correction of mistakes either of law or fact. *Certiorari* goes only to the jurisdiction or the power of the court to act and can never be substituted for an appeal to review mere errors of a judicial tribunal.

The first point suggested, however, that the parties had by their contract waived any right of action for damages for the alleged unlawful taking merits some attention. ■ Ordinarily where a party has a right of appeal *certiorari* will not lie, and it is equally true that once jurisdiction has been obtained over the parties and subject-matter of the action no error committed by the court can be corrected on *certiorari*. Where, however, it is claimed the justice's court was without

jurisdiction an appellate court will examine into the question of jurisdiction to ascertain whether or not the lower court had the right to consider the subject (*Denninger* v. *Recorder's Court*, 145 Cal. 629 [79 Pac. 360]), and, as was suggested in *Schwarz* v. *Superior Court*, 111 Cal. 112 [43 Pac. 580], and affirmed in *McClatchy* v. *Superior Court*, 119 Cal. 413 [51 Pac. 696, 39 L. R. A. 691], ▆▆ while the writ of *certiorari* is not a writ of error it is nevertheless a means by which the power of the court can be inquired into, and for that purpose the review may extend not only to the record of the court below, but even to the evidence itself when necessary to determine the jurisdictional facts. A court cannot, by presuming to act, invest itself with jurisdiction. Therefore it is proper to inquire into the record, but solely to determine that question.

▆▆ The question here to be determined is: Did the justice's court, in view of the provision of the contract as to the waiver of damages, have jurisdiction of the subject-matter of the action? We are of the opinion it had such jurisdiction.

Upon the filing of the complaint in the justice's court, being an action for conversion and within the statutory limit as to amount, and no question being raised as to service on defendant, that court acquired jurisdiction. "Where a court has jurisdiction of the parties and of the subject-matter of the action such jurisdiction carries with it necessarily the authority . . . to decide the question submitted to it, incorrectly as well as correctly. Accordingly, error in exercise of its jurisdiction, however gross, cannot be annulled on *certiorari*." (4 Cal. Jur. 1036.) The defendant's answer was a general denial and also specially pleaded the contract whereby the entire controversy was presented to the court for determination. ▆▆ A court will not be ousted of jurisdiction of the entire matter by pleading a bar to a single issue only. ▆▆ Furthermore it is the rule in California as well as the almost unanimous rule in the United States that the jurisdiction of a court cannot be ousted by a private agreement of individuals made in advance of the controversy, such contracts being void as against public policy. (7 R. C. L., p. 1046, and cases there cited.) As jurisdiction cannot be conferred by contract neither can it be taken away by that means.

We are therefore of the opinion that the writ of *certiorari* will not lie for the reason that the justice's court had original jurisdiction of the persons and subject-matter, and errors, if any, were reviewable upon appeal by the superior court, whose determination in the matter was final.

The writ is dismissed.

Thompson, J., and Plummer, J., concurred.