[Civ. No. 15287.   First Dist., Div. Two.   July 21, 1952.]

JOHN BREUNER COMPANY, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent; JAMES G. BRYANT, as Director of the Department of Employment, Real Party in Interest.

Fabian D. Brown for Petitioner.

Edmund G. Brown, Attorney General, Irving H. Perluss, and William L. Shaw, Deputy Attorneys General, for Real Party in Interest.

DOOLING, J.—This is an original proceeding in certiorari to review an order of the superior court adjudging James G. Bryant, as Director of the Department of Employment of the State of California, not to be in contempt. To understand the questions involved a review of the litigation between the parties is necessary.

On June 22, 1944, petitioner commenced an action to recover a refund of unemployment taxes paid by it and to remove certain charges from its account under the California Unemployment Insurance Act. This action resulted in a judgment in favor of petitioner ordering the refund of $35,-462 and the removal of charges from its account in the sum of $36,636, covering the years 1941, 1942 and 1943. This judgment was appealed and affirmed (*John Breuner Company* v. *Bryant*, 35 Cal.2d 897 [218 P.2d 4]) on May 11, 1950. Shortly thereafter the money judgment was paid to petitioner and the entries made in petitioner's "Employer Reserve Account Ledger" which led to the contempt proceeding against Bryant.

When unemployment taxes are paid by an employer they are entered in an account headed "Employer Contributions." The accounts are open accounts so that the contributions of one year are added to the total theretofore paid in previous years by the same employer. When benefits are paid to employees of this employer the amounts are entered in a parallel column headed "Insurance Charges." The difference between the total contributions and the total benefit payments is then entered in a third column headed "Reserve Balance."

What Bryant through a subordinate in his department actually did in compliance with petitioner's judgment was to deduct from the amount shown in the "Insurance Charges" column the sum of $36,636 as directed by the judgment and to deduct from "Employer Contributions" the amount of $35,462 paid to petitioner pursuant to the judgment. The

difference between the two accounts as thus altered was thereby increased by the sum of $1,174 which was added to the "Reserve Balance" to increase it by that amount. Actually this was accomplished by a bookkeeping shortcut in which the sum of $1,174 was added to the petitioner's "Reserve Balance," and the following notation entered on the reverse of the sheet:

"The previous reserve of the 11th Rating Period has been adjusted as follows pursuant to court order

"charges removed ..................... $36,636.00
"refund made ....................... $35,462.00
"adjustment increase ................ $ 1,174.00"

Petitioner conceived that under its judgment it was entitled to have the sum of $36,636 removed from the charges against it and that the amount of $35,462 refunded to it should not have been deducted from its "Employer Contributions" column, so that the entire deduction of $36,636 should have been added to its "Reserve Balance." This is important because the ratio of the average annual payroll of an employer over the preceding three-year period to the total in the "Reserve Balance" is reflected in the rate of the payroll tax imposed on the employer for the succeeding year.

Petitioner thereupon filed an affidavit charging Bryant with contempt. The affidavit recited the entry of the judgment in petitioner's favor "directing, among other things, that defendant remove charges from the merit or experience rating of plaintiff with defendant, charges made against said account in the sum of $36,636.00."

It then proceeded: "That defendant has wilfully and contemptuously refused and failed to do so and further refuses and fails to do so with the full knowledge of the said judgment."

At the contempt hearing it was testified that, because the sum of $35,462 refunded to petitioner pursuant to the judgment had been added to the total in his "Employer Contributions" account when originally paid in by petitioner, upon its payment back to petitioner a corresponding deduction must be made in order to truly state the actual amount of petitioner's contributions after the refund. The court was satisfied with the correctness of this procedure under the judgment and entered the order here in question adjudging Bryant not in contempt. That order contained the following recital which is the only part of the order here sought

to be annulled: ''Said defendant has fully and completely complied with the provisions of said judgment and order.''

Petitioner filed a notice of appeal from this order and the appeal was dismissed by the Supreme Court on March 30, 1951, on the ground that an order made in a contempt proceeding is not appealable. (*John Breuner Co.* v. *Bryant,* 36 Cal.2d 877 [229 P.2d 356].)

The rectification of the account was made ''as of July 31, 1949.'' Petitioner claiming the rectification should have been made effective as of the years for which the judgment spoke with a consequent reduction of its payroll tax for all succeeding years commenced an administrative proceeding through the Department of Employment seeking to have this done. After adverse decisions by the commission and the Board of Appeals in this proceeding petitioner filed a mandamus action in the superior court to review these actions. This mandamus action is now pending in that court.

Petitioner alleges in his petition before us: ''That the time of the removal of said charges from the reserve account of petitioner will seriously and materially affect his rights to further rectification of the reserve account and deprive him of substantial rights in connection with the over-payment of taxes for succeeding years.''

It is petitioner's theory that the finding of the court in the contempt proceeding hereinabove quoted, that ''defendant has fully and completely complied with the provisions of said judgment,'' amounts to a judicial approval of the date on which the order was made effective by respondent, i.e., July 31, 1949, and may be effectively interposed as res judicata of that fact in the mandamus action now pending in the superior court.

Properly construed we have concluded that this finding may not be given such legal effect. The only matter put in issue by the affidavit charging contempt above quoted from was whether respondent had failed and refused to comply with the judgment insofar as it directed ''that defendant remove charges . . . in the sum of $36,636.00.'' This put in issue only the *fact* of such removal, not the *date* of removal.

The affidavit charging a constructive contempt constitutes the complaint and frames the issues before the court in the contempt proceeding. (Code Civ. Proc., § 1211; *Hotaling* v. *Superior Court,* 191 Cal. 501, 505 [217 P. 73, 29 A.L.R. 127]; *Frowley* v. *Superior Court,* 158 Cal. 220, 222 [110 P.

817] ; *In re Felthoven,* 75 Cal.App.2d 465, 470 [171 P.2d 47] ; 5 Cal.Jur., pp. 938-939.)

█ Since the only issue tendered by the affidavit charging the contempt was the failure to remove the charges of $36,636 and the effective date of the removal was not referred to in the affidavit the latter issue was not before the court in the contempt proceeding, and from a review of the transcript of the contempt hearing we are satisfied that the court did not consider that matter nor intend to make any adjudication of it. The finding here attacked must be construed as limited to the issue then before the court and as so limited it amounts only to a finding that in charging the petitioner's "Employer Contributions" account with the $35,462 refunded to it and increasing the "Reserve Balance" by $1,174 rather than $36,636 the defendant had not departed from the terms of the judgment insofar as it directed "that defendant remove charges . . . in the sum of $36,-636.00." █ So construed the finding is not here subjected to attack, nor can it be successfully urged as res judicata of the proper date of the removal of the charges in any subsequent proceeding in which that issue is raised between the parties, since a judgment or order in a collateral proceeding of this character is res judicata in a subsequent action only as to matters actually litigated in the prior proceeeding. (*Estate of Williams,* 36 Cal.2d 289-293 [223 P.2d 248, 22 A.L.R.2d 716] ; *Sanderson* v. *Niemann,* 17 Cal.2d 563 [110 P.2d 1025] ; *Hench* v. *Lake Hemet Water Co.,* 9 Cal.2d 136, 142 [69 P.2d 849] ; *Ball* v. *Stephens,* 68 Cal.App.2d 843, 851 [158 P.2d 207].)

For the reasons herein stated the order is affirmed.

Nourse, P. J., and Goodell, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied September 18, 1952. Schauer, J., was of the opinion that the petition should be granted.