[Civ. No. 23645.   Second Dist., Div. One.   Mar. 2, 1959.]

RUTH GOTTLIEB, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; ROBERT J. GOTTLIEB, Real Party in Interest.

310

Hahn, Ross & Saunders for Petitioner.

No appearance for Respondent.

Gottlieb & Whitehill for Real Party in Interest.

NOURSE, J. pro tem.†—By her petition herein, petitioner seeks to review the proceedings through which she was held in contempt of the respondent court and to annul the judgment of contempt.

The relevant facts shown by the return to the writ heretofore issued are: On November 5, 1952, petitioner commenced an action for divorce against her husband Robert, upon the ground of mental cruelty. By her complaint she prayed for a divorce, a division of community property, alimony, support for the minor children of the parties; that in the event "a property settlement agreement" should be arrived at with her

---

†Assigned by Chairman of Judicial Council.

husband, the same be approved by the court and incorporated in any decree entered in the action and that her husband be restrained from annoying, harming or threatening her. The defendant did not appear in this action and his default was entered. On March 13, 1953, petitioner and her husband entered into an agreement denominated "Property Settlement Agreement."

By paragraph 21 of this agreement the parties agreed that it was their intent to make a full and final adjustment "of all their property rights, interests and claims." By paragraph 23 it was agreed that the agreement should be presented to the court for its approval in the above mentioned action brought by the wife for divorce, but if not so presented should, nevertheless, be effective as a contract between the parties. By paragraph 24 it was agreed that the contract should not be altered, amended or modified save by an instrument in writing executed by the parties. Paragraph 26 of the agreement reads as follows: "Neither of the parties shall molest or annoy the other, or compel or attempt to compel the other to cohabit or to dwell with him or her, as the case may be, by any legal or other proceedings, for restoration of conjugal rights or otherwise."

On April 22, 1953, the action for divorce brought by petitioner was heard as a default matter and on the 24th of April an interlocutory judgment of divorce was entered. This judgment, in addition to decreeing that plaintiff was entitled to a divorce from Robert, decreed "the *property settlement agreement* dated March 13, 1953, . . . is hereby approved and incorporated in this decree in all its terms and provisions in haec verba, and IT IS ORDERED AND DECREED that the plaintiff and defendant fully perform their respective rights and duties vested in and imposed upon them under and by virtue of the *said property settlement agreement* as follows:" (Italics ours.) The entire agreement above referred to is then set forth in haec verba.

Thereafter, on May 6, 1954, a final decree of divorce was entered. This final decree did not purport to continue in effect any injunction or restraining order contained in the interlocutory decree but did expressly continue and make binding upon the parties all provisions for alimony, custody or support of the children and all provisions thereof as to the division of the property.

On October 6, 1958, upon the affidavit of the defendant

Robert, an order issued from the respondent court requiring petitioner to show cause why she should not be held in contempt of the provisions of the interlocutory decree that "[n]either of the parties shall molest or annoy the other." After a hearing had upon this order to show cause, the court found that the petitioner was in contempt of the aforesaid order of the court in that she had annoyed the defendant by falsely representing to the tenants of Robert that she was a prospective purchaser of certain real property owned by him and by making inquiries as to the rentals paid by said tenants to Robert and by making representations with respect to future rentals. The court sentenced the plaintiff to serve two days in the county jail but suspended the sentence upon condition that the plaintiff refrain from further violation of the interlocutory decree and final decree in respect to annoyance and molestation.

We have reached the conclusion that the court in adjudging petitioner to be in contempt acted in excess of its jurisdiction and that its judgment of contempt must be annulled. ██ Before a party may be held in contempt of an order of the court, "the acts constituting the contempt must be clearly and specifically prohibited by the terms of the injunction," and the "party bound by an injunction must be able to determine from its terms what he may and may not do; he cannot be held guilty of contempt for violating an injunction that is uncertain or ambiguous." (*Weber* v. *Superior Court*, 26 Cal. 2d 144 at 148 [156 P.2d 923] ; *City of Vernon* v. *Superior Court*, 38 Cal.2d 509 at 513 [241 P.2d 243] ; *Brunton* v. *Superior Court*, 20 Cal.2d 202 at 205 [124 P.2d 831] ; *Mattos* v. *Superior Court*, 30 Cal.App.2d 641 at 649 [86 P.2d 1056].)

██ Assuming that the agreement between the parties not to molest or annoy the other, as set forth in paragraph 26 of the property settlement agreement, was a duty imposed upon the petitioner within the meaning of the injunctive portion of the decree that each party should perform the duties imposed upon him or her by the agreement, this paragraph is too uncertain and ambiguous to be enforceable through a proceeding in contempt. It is impossible to tell from a reading of this covenant of the parties whether they intended that the molestation or annoyance as to which they contracted was any molestation or annoyance objective or subjective, or molestation or annoyance by an attempt to compel the other to cohabit or dwell with the other, or whether the parties intended to contract only against one bringing a proceeding

against the other for the restoration of conjugal rights. Inasmuch as the intent of the parties could not be ascertained from the language used by them the court could not find one of the parties in contempt for it could not find as a fact that the act done was one which the parties had contracted against.

There is a further uncertainty in a portion of the decree in question. While paragraph 26 of the agreement was incorporated in the decree, it has no connection whatsoever with the property rights of the parties or the marital obligations of support and of child custody and support as to which the parties contracted. While the decree is subject to the interpretation that the parties were ordered to perform the duties imposed upon them under paragraph 26, it is likewise subject to the interpretation that it was only the terms of the property settlement between the parties that they were ordered to perform. ■ Any ambiguity in the decree must be resolved in favor of the accused. (*Hotaling* v. *Superior Court*, 191 Cal. 501 at 506 [217 P. 73, 29 A.L.R. 127].)[1]

As we have pointed out, the final decree did not by reference incorporate the injunction against the violation of paragraph 26 of the property settlement agreement although it did expressly incorporate other provisions of the interlocutory decree. ■ A court of equity has the power to modify or dissolve an injunction that is continuing and of a preventive nature. (*Woods* v. *Corsey*, 89 Cal.App.2d 105 at 113 [200 P.2d 208].) ■ In reviewing the proceedings on a charge of constructive contempt "the charge, the evidence, the findings, and the judgment are all to be strictly construed in favor of the accused (citation) and no intendments or presumptions can be indulged in aid of their sufficiency." (*Hotaling* v. *Superior Court, supra*, 191 Cal. 501 at 506.) Applying this rule to the present record we must assume that the injunction granted by the interlocutory decree was dissolved by the final decree.

■ There is still a further reason why the court was without jurisdiction in this matter. The injunction granted

---

[1] It is to be noted that the import of paragraph 26 is that neither party would invoke the jurisdiction of the Court of Conciliation pursuant to the provisions of title XI-A of the Code of Civil Procedure. As a contract it was therefore against public policy and void. (*Mannix* v. *Superior Court*, 133 Cal.App. 740 at 743 [24 P.2d 507]; *Muldrow* v. *Norris*, 2 Cal. 74 at 78 [56 Am.Dec. 313]; *Pereira* v. *Pereira*, 156 Cal. 1 [103 P. 488, 134 Am.St.Rep. 107, 23 L.R.A. N.S. 880]; *Loveren* v. *Loveren*, 106 Cal. 509 [39 P. 801]; *Beard* v. *Beard*, 65 Cal. 354 [45 P. 229].) It seems doubtful that the court intended to give vitality by its decree to such a contract.

was, by its terms, one which enjoined the parties from the violation of a contractual obligation and the character of that obligation as a contractual obligation was not changed by its being merged into the decree. (*Plumer* v. *Superior Court,* 50 Cal.2d 631 at 637 [328 P.2d 193].)

There was no issue before the court at the trial of the action as to any breach or threatened breach of this agreement, nor was there any issue before the court of any threatened annoyance or molestation of the defendant by the plaintiff inasmuch as the defendant had defaulted. This being true and the injunction, insofar as the provisions of paragraph 26 of the agreement are concerned, not being in aid of the judgment of the court, the court was without power to determine that issue and its judgment as to it was in excess of its jurisdiction. (*Vasquez* v. *Vasquez,* 109 Cal.App.2d 280 at 283 [240 P.2d 319], and cases there cited.)

The judgment of the respondent court adjudging the petitioner in contempt is annulled.

Fourt, Acting P. J., and Lillie, J., concurred.