[Civ. No. 19133. First Dist., Div. One. Mar. 10, 1960.]

W. M. BUTLER, Petitioner, v. SUPERIOR COURT OF ALAMEDA COUNTY, Respondent; A. R. WOLFORD, JR., Real Party in Interest.

Breed, Robinson & Stewart for Petitioner.

No appearance for Respondent.

Coward & Olson for Real Party in Interest.

BRAY, P. J.—Petition for writ of certiorari to annul a judgment of contempt for alleged violation of a preliminary injunction.

## QUESTION PRESENTED

Did petitioner violate the preliminary injunction?

## RECORD

A. R. Wolford, Jr., doing business as Mechanical Survey Company, filed a complaint for injunction, accounting and damages against petitioner and others, individually and doing business as Material Survey Associates, claiming that the latter were engaged in a survey business competing with plaintiff's and were soliciting business from a list of plaintiff's subscribers obtained while said individuals were in plaintiff's employ. A preliminary injunction was granted after a hearing on an order to show cause, which enjoined petitioner and the others "from soliciting any contracts from any subscribers of plaintiff with whom they became acquainted or whose identity and addresses they learned while in and by virtue of, and in the course of their employment by or official capacity with plaintiff . . ."

Thereafter Wolford filed an affidavit for an order to show cause *in re* contempt in which he alleged that petitioner and the others violated said injunction in that they "solicited contracts and subscriptions from numerous of plaintiff's subscribers, including Grinnell Company . . ." At the hearing of the order to show cause the court exonerated the others but found that petitioner in violation of the injunction had solicited Grinnell Company; "That while in and by virtue of, and in the course of his employment by plaintiff, A. R. WOLFORD, JR., defendant, W. M. BUTLER, ascertained that Grinnell Company was a subscriber of plaintiff"; "That prior to and apart from his employment by plaintiff, defendant W. M. BUTLER knew of the name, identity and address of Grinnell Company . . . as a potential subscriber for the services furnished by the plaintiff and as an actual purchaser from LeRoy Construction Services . . . of surveys furnishing to said Grinnell Company the data furnished by plaintiff's service. That defendant, W. M. BUTLER, prior to and apart from his employment by plaintiff and as an employee of said LeRoy Construction Services . . . had, in fact, prepared such surveys for said Grinnell Company, and in connection therewith had discussed the same by telephone with employees of said Grin-

nell Company, but did not have face to face contact with any of such employees.''

## DID PETITIONER VIOLATE THE INJUNCTION?

The injunction is narrowly drawn, being limited to the solicitation of contracts from subscribers of plaintiff with whom petitioner became acquainted or whose identity and address petitioner learned while in and by virtue of and in the course of his employment by or official capacity with plaintiff. The court appears to have had in mind the limitations on its authority described in *California Intelligence Bureau* v. *Cunningham,* 83 Cal.App.2d 197 [188 P.2d 303], and in such cases as *Continental Car-Na-Var Corp.* v. *Moseley,* 24 Cal.2d 104 [148 P.2d 9], *Fortna* v. *Martin,* 158 Cal.App.2d 634 [323 P.2d 146], *Aetna Bldg. Maintenance Co.* v. *West,* 39 Cal.2d 198 [246 P.2d 11], and our decision in *State Farm Mut. etc. Ins. Co.* v. *Dempster,* 174 Cal.App.2d 418 [344 P.2d 821].

The proceeding being one in contempt, we must construe the reach of the injunction in favor of the petitioner. ██ ''Contempt proceedings are criminal in their nature, and should be strictly construed.'' (*Mattos* v. *Superior Court,* 30 Cal.App.2d 641, 646 [86 P.2d 1056].) It has been repeatedly held that ''Before a party may be held in contempt of an order of the court, 'the acts constituting the contempt must be clearly and specifically prohibited by the terms of the injunction,' and the 'party bound by an injunction must be able to determine from its terms what he may and may not do; he cannot be held guilty of contempt for violating an injunction that is uncertain or ambiguous,' '' and ''Any ambiguity in the decree must be resolved in favor of the accused.'' (*Gottlieb* v. *Superior Court,* 168 Cal.App.2d 309, 312, 313 [335 P.2d 714]; accord: *Mattos* v. *Superior Court, supra,* 30 Cal.App.2d 641; *Brunton* v. *Superior Court,* 20 Cal. 2d 202, 205 [124 P.2d 831]; *Weber* v. *Superior Court,* 26 Cal. 2d 144, 148 [156 P.2d 923]; *City of Vernon* v. *Superior Court,* 38 Cal.2d 509, 513 [241 P.2d 243].)

██ When the injunction is considered in the light of the foregoing rules, the court's own findings show that petitioner did not violate the injunction. The finding is that petitioner, while in the employ of the plaintiff, and by virtue of that employment, ascertained that Grinnell Company was a subscriber of the plaintiff. This is quite different from becoming acquainted with or learning the identity and address of Grinnell

Company by virtue of and in the course of the employment with plaintiff, this being the only thing to which the injunction relates. Moreover, the court expressly found that petitioner knew of the name, identity and address of Grinnell Company before he was employed by the plaintiff and actually did business with that company on behalf of his prior employer. This is equivalent to a direct finding that the petitioner did not become acquainted with or learn the identity and address of Grinnell Company while in or by virtue of or in the course of his employment with plaintiff.

Since the court's own finding was that petitioner did not violate the injunction, and no appeal has been made therefrom, the judgment of contempt is without foundation. The judgment of contempt is annulled.

Tobriner, J., and Duniway, J., concurred.