[Crim. No. 7815. Second Dist., Div. Three. Aug. 25, 1961.]

In re CHARLES GOULD on Habeas Corpus.

Warner, Sutton and Warner for Petitioner.

Harold W. Kennedy, County Counsel (Los Angeles), and Robert C. Lynch, Deputy County Counsel, for Respondent.

Bernard and Jaffe for Real Party in Interest.

SPARKS, J. pro tem.*—Contemner, Charles Gould, was committed to jail for five days by respondent court for wilful violation of its order. In the petition for writ of habeas corpus filed in his behalf, it is alleged that his imprisonment is illegal and void, "in that said commitment does not show that said Charles Gould had knowledge of the support orders referred to, and further, does not affirmatively show that John Leslie Goddard, a Superior Court Commissioner, was acting as judge pro-tem in the matter. . . ." The return of Peter J. Pitchess, Sheriff of Los Angeles County, and the reply to petition by Dorothy Gould, as wife of contemner, and self-designated real party in interest, have been filed herein. It was stipulated at the time of the hearing that the allegations of the petition might be deemed a traverse to those of said return and reply.

*Assigned by Chairman of Judicial Council.

174

Contemner's thesis as set forth in the petition for said writ is contained in the following statement: "The commitment in a contempt proceeding measures the jurisdiction of the Court, and must recite all jurisdictional facts." It is argued that the commitment here was fatally defective in that it fails to show: (1) that contemner had knowledge of the order, and (2) compliance with the qualification requirements of a judge pro tempore. At the hearing this attack on the latter point was broadened to encompass the entire procedure employed by the Los Angeles Superior Court in assigning court commissioners as judges pro tempore to hear matters before it.[1]

The challenged portions of the commitment read: " . . . and the defendant having appeared in Court on said date, and after a hearing the Court having found that the defendant was present at the time of trial and heard said order pronounced, *or* that said order was personally served upon said _____, and that he had knowledge of the order, . . . [signed] John Leslie Goddard, Judge Pro Tem." (Emphasis added.)

Contempt proceedings which are ancillary to civil actions are nonetheless of a criminal or quasi-criminal nature (*Phillips* v. *Superior Court*, 22 Cal.2d 256 [137 P.2d 838]; *Warner* v. *Superior Court*, 126 Cal.App.2d 821 [273 P.2d 89]), and as such must be strictly construed. (*Butler* v. *Superior Court*, 178 Cal.App.2d 763 [3 Cal.Rptr. 180]; *Foust* v. *Foust*, 47 Cal.2d 121 [302 P.2d 11].) Since the proceeding is essentially punitive and separate from the cause out of which it arises, all the prescribed procedural safeguards must be accorded the alleged contemner. (*Foust* v. *Foust*, *supra*, 47 Cal.2d 121; *Butler* v. *Superior Court*, *supra*, 178 Cal.App.2d 763; *Killpatrick* v. *Superior Court*, 153 Cal.App. 2d 146 [314 P.2d 164]; *Nieri* v. *Nieri*, 124 Cal.App.2d 292 [268 P.2d 547].) Viewing the record before us and construing petitioner's contentions in the light of these rules, we are nevertheless of the opinion that the imprisonment of contemner constituted but a legal exercise of the inherent power of a court to punish for a violation of its orders. In reaching

[1]After submission of the matter this court received a letter from counsel for petitioner, addressed to Acting Presiding Justice Vallée, and inclosing a copy of amicus curiae brief filed by Harold W. Kennedy, County Counsel and Donald K. Byrne, Deputy County Counsel in *Lewis* v. *Neblett*, 188 Cal.App.2d 290 [10 Cal.Rptr. 441], dealing with the proposition that the court may legally appoint a commissioner to serve as a judge pro tempore, by virtue of article VI, section 14, of the Constitution, and section 259a, Code of Civil Procedure. In his letter counsel states: "We believe that there is substantial substance to the proposition."

this conclusion, we are mindful that the violation of the order of the court here was an *indirect* or "constructive," as contrasted with a *direct* contempt. ▮ A direct contempt must be committed within the immediate view and presence of the court and is punished summarily. ▮ Consequently the order must recite with sufficient particularity and conclusiveness all necessary facts and findings. (*Raiden* v. *Superior Court,* 34 Cal.2d 83 [206 P.2d 1081]; *Blake* v. *Municipal Court,* 144 Cal.App.2d 131 [300 P.2d 755]; *Bennett* v. *Superior Court,* 99 Cal.App.2d 585 [222 P.2d 276].) The failure to do so is jurisdictional and renders such an order fatally defective.

▮ A proceeding for the punishment of an indirect contempt is commenced by the presentation of an affidavit setting forth the alleged contemptuous acts. (Code Civ. Proc., § 1211.) The affidavit is in effect a complaint, frames the issues before the court and is a jurisdictional prerequisite to the court's power to punish. (*In re Felthoven,* 75 Cal.App.2d 465 [171 P.2d 47]; *John Breuner Co.* v. *Superior Court,* 112 Cal.App. 2d 304 [246 P.2d 694]; *Uhler* v. *Superior Court,* 117 Cal.App. 2d 147 [255 P.2d 29, 256 P.2d 90].) In the instant proceeding, no defect is claimed or suggested either in the affidavit filed for the order to show cause, or in the order and judgment of contempt. The attack is directed solely at the commitment. The order and judgment, as exemplified in the reply of Dorothy Gould reads: "The Court finds defendant had knowledge of the Order of October 26, 1960 and the Order of February 15, 1961; that he had the ability to make the payments of child's support of $112.50 that became due March 1, 1961; that he had the ability to pay the support payment of $37.50 that became due May 1, 1961; that he failed and refused to pay any part thereof and is therefore found to be in contempt of court and sentenced to serve a period of five (5) days in the County Jail."

▮ The findings of knowledge of the order, ability to respond thereto and failure and refusal to comply therewith are sufficient to sustain the order. (*In re Hadley,* 57 Cal.App. 2d 700 [135 P.2d 381].)

▮ The disjunctive recitals of the commitment are not approved even though followed by the positive finding "that he had knowledge of the order." However, as we have seen, in indirect contempts the allegations of the affidavit and of the order itself are controlling, since a commitment is merely the implementation of the judgment. (Pen. Code, § 1215; *People* v,

*Rivas*, 85 Cal.App.2d 540 [193 P.2d 151; *People* v. *Sourisseau*, 62 Cal.App.2d 917 at 928 [145 P.2d 916]; *People* v. *Flannelly*, 128 Cal. 83 at 94 [60 P. 670]; *In re Ralph*, 27 Cal.2d 866 at 870 [168 P.2d 1].)

 We are further of the opinion that the judgment of imprisonment is not fatally defective by reason of its failure affirmatively to show that the court commissioner who imposed it was legally authorized to act as a judge of the superior court pro tempore. Nor do we find any unconstitutionality in the method adopted in the appointment, designation and qualification of the commissioner as such a judge. The authority of a court commissioner deraigns directly from the Constitution itself. Article VI, section 14, of the California Constitution provides in part:

"The Legislature may also provide for the appointment, by the several superior courts, of one or more commissioners in their respective counties, or cities and counties, with authority to perform chamber business of the judges of the superior courts, to take depositions, and *to perform such other business connected with the administration of justice as may be prescribed by law.*" (Emphasis added.) Implementing this section of the Constitution, the Legislature adopted section 259a, Code of Civil Procedure, relating to the powers of court commissioners in counties and cities and counties having a population of 900,000 inhabitants or more. Said section reads in part: "4. To act as judge pro tempore when otherwise qualified so to act and when appointed for that purpose; ..."

Article VI, section 5, of our state Constitution, also provides (last paragraph): "Upon stipulation of the parties litigant or their attorneys of record a cause in the superior court or in a municipal court may be tried by a judge pro tempore who must be a member of the bar sworn to try the cause, and who shall be empowered to act in such capacity in the cause tried before him until the final determination thereof. The selection of such judge pro tempore shall be subject to the approval and order of the court in which said cause is pending and shall also be subject to such regulations and orders as may be prescribed by the Judicial Council."

The record before us shows that John Leslie Goddard, was and is a commissioner of the Superior Court of Los Angeles County; that Honorable Louis H. Burke, presiding judge of said court, by minute order, appointed each of the commissioners of said superior court, a judge pro tempore to hear any and all matters assigned to him as such judge pro tem-

pore;[2] that contemner in response to an order to show cause *re* contempt appeared in Department 8 of the Superior Court of Los Angeles County and stipulated that the contempt hearing should be held by the said John Leslie Goddard sitting as judge pro tempore.[3]

Substantial and sufficient compliance with the constitutional provisions and implementation by rule of the Judicial Council[4] appear here. The presiding judge approved the selection of Commissioner Goddard together with all of the commissioners of the Los Angeles County Superior Court, as judge pro tempore to hear any and all matters assigned to him. This blanket order of appointment was pursuant to and in

---

[2]Order. ''For the purpose of expediting the business of the court and to avoid the necessity for separate approval and separate oaths upon the selection of court commissioners as Judges pro tempore; It is ordered that each commissioner of this court be, and each such commissioner is hereby, appointed a Judge pro tempore of this court, pursuant to the authority granted by Article VI, Section 14 of the Constitution of the State of California and Section 259a of the Code of Civil Procedure, to hear any and all matters which may hereafter be assigned to him as such Judge pro tempore by the Judge of any department or branch of this court to which such court commissioner may from time to time be assigned for duty. Each such commissioner shall take an oath as prescribed by Article XX, Section 3, of the Constitution of the State of California, which oath shall be applicable to any and all cases, matters and proceedings hereafter assigned to him for hearing as a Judge pro tempore. Separate oaths shall not thereafter be required for the various matters assigned to such commissioners as Judges pro tempore. It is directed that the oaths hereby prescribed be filed with the County Clerk, upon their execution.''

[3]Stipulation. ''It is hereby stipulated by and between the undersigned attorneys, that the Order to Show Cause in the above entitled matter may be heard by John Leslie Goddard a Court Commissioner of Los Angeles County, and a member of the Bar of this State, in accordance with Article Six, Section Five of the Constitution of said State, and further in accordance with an appointment of said Commissioner by the Presiding Judge of the Superior Court as Judge pro tempore heretofore made under the authority of Article Six, Section Fourteen of said Constitution and Section 259a, Subdivision 4, of the Code of Civil Procedure of the said State.

''It is understood that by order of the Presiding Judge of the Superior Court said Commissioner has heretofore been appointed to act as a Judge pro tempore as to all matters assigned to him by a Judge of this Court for hearing by him as such Judge pro tempore and that he has taken the necessary oath of office as to all matters so assigned.

''Dated this 10th day of May, 1961.''

[4]Rule 31, Rules for the Superior Courts. ''The stipulation of parties litigant that a case may be tried by a judge *pro tempore* shall be in writing and shall set out in full the name and office address of the member of the State Bar agreed upon to act as judge *pro tempore*, and shall be submitted to the Presiding Judge, or to the judge in whose department the case is pending in courts which do not have a Presiding Judge. If the member of the State Bar agreed upon consents so to act and if his selection is approved by the judge, the approval and order designating the

accord with constitutional provisions (art. VI, § 14) and legislative enactment (Code Civ. Proc., § 259a). It sufficiently shows the *appointment* and *qualification* of the commissioners as judges pro tempore. In addition, the parties in the principal proceeding here stipulated in writing that Commissioner Goddard could act and *hear* the particular order to show cause which culminated in the judgment of contempt. The stipulation shows plainly that the parties understood the manner in which Commissioner Goddard had been appointed, and that they agreed that he had taken the necessary oath of office as to all matters assigned to him. A court commissioner being a judicial officer (Cal.Const., art. VI, § 14) we are of the opinion that the provisions of said stipulation were not in any way contrary to law or policy, and were binding on the parties and the court. (*Capital National Bank* v. *Smith,* 62 Cal.App.2d 328 [144 P.2d 665] ; *Estate of Howe,* 88 Cal.App.2d 454 [199 P.2d 59] ; *Henning* v. *Wuest,* 48 Cal.App. 147 [191 P. 713].) We find nothing antagonistic to this conclusion from the following cases all relating to judges pro tempore : *Estate of Kent,* 6 Cal. 2d 154 [57 P.2d 901] ; *Anderson* v. *Bledsoe,* 139 Cal.App. 650 [34 P.2d 760] ; *Pickens* v. *Johnson,* 42 Cal.2d 399 [267 P.2d 801] ; *People* v. *Ernst,* 121 Cal.App.2d 287 [263 P.2d 114] ; *People* v. *Sears,* 138 Cal.App.2d 773 [292 P.2d 663] ; *In re Wales,* 153 Cal.App.2d 117 [315 P.2d 433] ; *Amos* v. *Superior Court,* 182 Cal.App.2d 343 [6 Cal.Rptr. 252] ; *Quezada* v. *Superior Court,* 171 Cal.App.2d 528 [340 P.2d 1018].

We conclude that the constitutional requirements relating to judges pro tempore were satisfied in this matter and that the contempt proceeding was heard by a court commissioner duly appointed and qualified as a judge pro tempore, together with a stipulation in writing by the parties that he act as such. The writ of habeas corpus heretofore granted is discharged and the contemner remanded to custody.

Shinn, P. J., and Vallée, J., concurred.

---

person selected as judge *pro tempore* shall be endorsed upon the stipulation, which shall thereupon be filed. The judge *pro tempore* so selected shall take and subscribe the oath of office, which shall be attached to the stipulation and order of approval, and the case shall thereupon be assigned to said judge *pro tempore* for trial. At any time after the filing of the oath, the judge *pro tempore* may proceed with the hearing, trial and determination of the case.''