[No. B215917. Second Dist., Div. Six. June 23, 2010.]

In re the Marriage of VICTORIA and PETER HARTMANN.
VICTORIA HARTMANN, Appellant, v.
PETER HARTMANN, Respondent.

COUNSEL

Vanessa Kirker for Appellant.

Jarrette & Walmsley, Robert R. Walmsley and Marlea F. Jarrette for Respondent.

OPINION

**GILBERT, P. J.**—An order restrains a party from interfering with a custody order. The restraining order is not overbroad. Like a stop sign, it requires no explanation. It simply tells a party to stop interfering with the custody order.

Victoria Hartmann (Wife) appeals the denial of her motion to vacate an order restraining her from interfering with Peter Hartmann's (Husband) child custody time. We conclude the restraining order is neither ambiguous nor overbroad. It simply makes explicit what is implicit in every child custody order: a party may not interfere with the order. We affirm.

## FACTS

The parties were married in January 1990. They have three daughters: one, age 17 years old, and twins, age 14 years old.

The parties separated in July 2002. Wife filed for dissolution of the marriage six months later. The trial on the dissolution was held in August 2007. The parties reached a stipulation concerning their property, leaving child custody and support to be decided.

Wife wanted to send the oldest daughter to an out-of-state boarding school. The daughter previously attended the school and wanted to return. Husband opposed the plan because he wanted to be in his daughter's life daily. In addition, Husband believed his daughter had developed behavioral problems during her previous attendance at the school and needed more supervision. He therefore requested that she attend a local public high school.

By order of August 15, 2007, the trial court determined that the parties have equal physical custody of the children on alternating weeks. The court also ordered that the oldest daughter attend a local public high school.

On September 7, 2007, Wife filed an ex parte application for an order permitting the oldest daughter to attend a local private school. The court denied the motion.

On September 24, 2007, Husband applied for an order restraining Wife from, among other matters, "interfering with [Husband's] custodial time." In part, Husband complained that Wife told the children every detail of the trial. The children reported to him that he won because he lied on the stand; that the parties do not have to follow the court's custody or school placement orders; and that he obtained joint custody only to reduce his child support obligation.

After a hearing, on October 24, 2007, at which the parties presented oral and documentary evidence, the trial court granted Husband's request for the restraining order. In granting the order, the court stated: "[Wife] has approached the decision of this Court as though it was only a 'work in progress.' It is not. [Husband's] contention that [Wife] has attempted to alienate the children by her actions, words and demeanor appears to this Court to be accurate."

Unfortunately, the matter did not end there. In April 2008, Husband filed an order to show cause for contempt. Husband claimed Wife continued to interfere with his custody, including refusing to tell him where his oldest daughter was, and still spoke to the children about attending boarding schools. The matter was continued to allow the parties to participate in family therapy.

On August 25, 2008, Wife filed a motion to discharge the contempt citation on the ground the restraining order was void because it was uncertain and ambiguous. In September 2008, Husband took his order to show cause for contempt off calendar.

In March 2009, Wife filed another motion to vacate the October 24, 2007, restraining order on the same grounds. The trial court rejected her argument, and again ordered that "[Wife] is restrained . . . from interfering with [Husband's] custodial time."

## DISCUSSION

■ Wife contends the restraining order is vague and ambiguous. She cites *Evans v. Evans* (2008) 162 Cal.App.4th 1157, 1167 [76 Cal.Rptr.3d 859], for the proposition that an injunction must be sufficiently precise to provide a person of ordinary intelligence fair notice that her contemplated conduct is forbidden. Her argument amounts to nothing more than that the word "interfere" as used in the restraining order is not sufficiently precise.

But "interfere" is an ordinary English word. It is used in statutes defining contempt of court. Thus, for example, Code of Civil Procedure section 1209, subdivision (a)(8) provides, "[a]ny other unlawful interference with the process or proceedings of a court" constitutes contempt. Welfare and Institutions Code section 213 provides, in part, "Any willful . . . interference with any lawful order of the juvenile court . . . constitutes a contempt of court." Wife fails to cite a single instance in which "interfere" has been held to be ambiguous.

Wife's reliance on *Gottlieb v. Superior Court* (1959) 168 Cal.App.2d 309 [335 P.2d 714] is misplaced. In *Gottlieb*, the parties' marital settlement agreement provided that " '[n]either of the parties shall molest or annoy the other, or compel or attempt to compel the other to cohabit or to dwell with him or her, as the case may be, by any legal or other proceedings, for restoration of conjugal rights or otherwise.' " (*Id.* at p. 311.) The agreement was incorporated into the judgment. Thereafter, wife interfered with husband's rental business by making inquiries as to the rents paid by the tenants and making representations as to future rents. The trial court held wife in contempt for breach of the order not to "molest or annoy" husband. (*Id.* at p. 312.) The Court of Appeal reversed the judgment of contempt stating, "It is impossible to tell from a reading of this covenant of the parties whether they intended that the molestation or annoyance as to which they contracted was any molestation or annoyance objective or subjective, or molestation or annoyance by an attempt to compel the other to cohabit or dwell with the

other, or whether the parties intended to contract only against one bringing a proceeding against the other for the restoration of conjugal rights." (*Id.* at pp. 312–313.)

■ *Gottlieb* concluded there was an ambiguity about the subject matter of the agreement not to annoy or molest. Here there is no ambiguity because the injunction not to "interfere" is directed solely to Husband's custody rights. Had the parties in *Gottlieb* simply agreed that wife would not interfere with husband's rental business, we would have had no difficulty upholding the judgment of contempt. To the extent *Gottlieb* may be read as compelling a different conclusion, here we decline to follow it.

Wife also argues the order is overbroad in that it interferes with her right of free speech. She cites *Gilbert v. National Enquirer, Inc.* (1996) 43 Cal.App.4th 1135 [51 Cal.Rptr.2d 91], for the proposition that proscription of constitutionally protected speech and conduct must be narrowly tailored to include only offensive actions or words.

In *Gilbert*, the plaintiff was a well-known actress. Her former husband gave an interview to the National Enquirer in which he disparaged her as a mother. Gilbert sued for defamation. She amended the complaint to allege her former husband threatened to reveal personal information about their marriage unless she dismissed him from the action. Gilbert obtained an ex parte temporary restraining order prohibiting him from "revealing any information relating to [her], whenever obtained, to anyone other than his attorney." (*Gilbert v. National Enquirer, Inc., supra,* 43 Cal.App.4th at pp. 1140–1141.) The court later issued a preliminary injunction to similar effect. The Court of Appeal concluded the preliminary injunction was an unconstitutional prior restraint on First Amendment rights. (43 Cal.App.4th at pp. 1144–1148.)

■ Unlike the order in *Gilbert*, the order here does not prohibit Wife from speaking to everyone but her attorney about everything relating to Husband. It prohibits only speech that interferes with the custody order. In family law cases, courts have the power to restrict speech to promote the welfare of the children. Thus courts routinely order the parties not to make disparaging comments about the other parent to their children or in their children's presence. (See *In re Marriage of Candiotti* (1995) 34 Cal.App.4th 718, 725 [40 Cal.Rptr.2d 299].) If a court is unable to order the parties not to interfere with a custody order, such orders will become meaningless.

Unfortunately, Wife's conduct gave the trial judge cause to be conspicuously tautological and categorically pedagogical. Let there be no doubt, Wife must stop interfering with the custody order.

The judgment (order) is affirmed. Costs on appeal are awarded to Husband.

Yegan, J., and Coffee, J., concurred.

A petition for a rehearing was denied July 15, 2010, and appellant's petition for review by the Supreme Court was denied September 15, 2010, S185014.